## Case No. 3,431.

### CROSS v. DE VALLE.

[21 Law Rep. 734.]

Circuit Court, D. Massachusetts. 1859.

PRACTICE—APPOINTMENT OF TRUSTEES FOR AB-
SENT PARTIES.

Bill was filed by a devisee for the destruction of certain previous estates and interests, which the will attempted to confer on other parties, on the ground of the alleged alienage and illegitimacy of such parties. *Held*, that the court cannot, under the 49th rule, safely or properly allow such parties to be represented by trustees; but in the exercise of the discretion conferred by the last clause of the rule, should not proceed without giving them opportunity to become effectually parties to the suit, and to be heard therein.

This was a bill by George W. Cross, a citizen of the state of Louisiana, the scope of which is to obtain a construction of the will of the late Thomas Lloyd Halsey of the city of Providence, and a decision respecting the legal effect of its provisions. It appears that the testator, having a large real and personal estate, made the will, which has been duly admitted to probate, by which he devised all the residue of his property, after certain pecuniary and specific legacies, unto John C. Brown and Moses B. Ives, in trust, among other things, to pay the rents and income of the residue of his property to his daughter, Maria Louisa De Valle, wife of Raimond Pasquel De Valle, who was born at Buenos Ayres on or about the tenth day of November, 1823, during her life; and as to certain specified estates, and one moiety of such residue, to the eldest male issue of his said daughter living at her decease, who shall then have arrived, or when he should arrive at the age of twenty-one years, upon condition, however, either precedent or subsequent, that he should adopt the name of Halsey, and take up his residence in the United States, within five years after he should become twenty-one years of age; with limitations over to the second and other sons on the failure of those prior in age to take; and also to daughters, all sons failing to take; and both sons and daughters failing to take, then to the plaintiff Cross.

The bill alleges that the defendant, Maria Louisa De Valle, if the daughter of the testator was illegitimate. That she and her children are all aliens, and consequently incapable of taking, under the will of the testator, any interest in his real estate. That the bequests and devises to the eldest and other sons, and to the daughters of the said Maria, are void for remoteness. That the bequest and devise to the complainant were limited to take effect in case those to the children of the said Maria should fail; and that, consequently, the bequest and devise to the complainant is to be accelerated, and the others declared void. And it prays for a decree requiring the trustees to convey the property to him, to be held in his own right.

The trustees and the collateral heirs at law and next of kin of the testator are made parties, have been served and have appeared. Maria De Valle and her husband are also named as parties, and process is prayed against them; also against their children, without naming them, if they should come within the reach of process; "and in the meantime to be directed to Thomas A. Jenckes, for service of the same upon him, in substitution of the said Thomas A. for them or such of them as are represented by him in the matters embraced by this bill of complaint; and also to be directed to the said Pedro A. De Valle." In another part of the bill, Pedro A. De Valle is named as one of the children of the said Maria. A subpoena has been served on Pedro A. De Valle, but he has not appeared. From the date of his mother's birth, mentioned in the will, it seems to be quite clear that he must be a minor; but no motion had been made respecting him.

The following order was made for a substituted service: "Ordered, that service of this subpoena upon the within named Raimond and Maria Louisa, and upon their children, except Pedro A. De Valle, be made upon the within-named Thomas A. Jenckes, as their attorney, in substitution for them, subject to all exceptions in law and fact at the hearing or otherwise. John Pitman, District Judge U. S. for R. I. District."

Mr. Jenckes filed the following motion in writing: "Rule Day, December 3d, 1855. Thomas A. Jenckes, upon whom a subpoena in said suit has been served, appearing solely for the purpose of making this motion in his own behalf, and not as solicitor for any other person moves the court that the said service as to himself be vacated and said process quashed, because it appears in and by the bill and exhibits in said case that he has no interest, actual or contingent, in any of the matters to which said bill relates; and that such service if intended as service, upon Raimond P. De Valle and Maria Louisa Amdrea De Valle and their children, be quashed and declared void and insufficient to require them to appear and answer to said bill, inasmuch as it does not appear by said bill that he, the said Thomas A. Jenckes, is the attorney of said parties in his suit; and nothing is shown therein and nothing exists which will authorize or require him to take upon himself the defence of this suit. T. A. Jenckes."

The executors and trustees demurred to the bill, and among other objections insisted on want of parties.

Mr. Jenckes, for trustees.

Mr. Paine, for Cross.

George Wood and Mr. Curry, for collateral heirs.

CURTIS, Circuit Justice. No foundation for the order for a substituted service on Mr. Jenckes appears; and it cannot have any

effect to bring any party before the court. The question is, whether the court can or ought to proceed in the absence of Maria L. De Valle and her children. Independent of the forty-ninth rule, this would not admit of a moment's doubt. Their interests are not only necessarily affected by any decree the court can make, but they are the sole subjects of the controversy. Unless the 49th rule has changed the law of such a case as this, they are indispensable parties without whom the court can make no decree. Naming them as parties to the bill, and praying process against them when they are out of the jurisdiction, and no service of process has been made, rendering it their duty to appear, does not enable the court to proceed. Browne v. Blount, 2 Russ. & M. 83, and the cases there cited; Shields v. Barrow, 17 How. [58 U. S.] 130; Dandridge v. Custis, 2 Pet. [27 U. S.] 370.

What I have to consider, therefore, is whether the 49th rule applies to this case. That rule is as follows: "In all suits concerning real estate, which is vested in trustees by devise, and such trustees are competent to sell and give discharges for the proceeds of the sale, and for the rents and profits of the estate, such trustees shall represent the persons beneficially interested in the estate, or the proceeds, or the rents and profits in the same manner and to the same extent as the executors or administrators in suits concerning personal estate represent the persons beneficially interested in such personal estate; and in such cases it shall not be necessary to make the persons beneficially interested in such real estate, or rents, and profits, parties to the suit; but the court may, upon consideration of the matter at the hearing, if it should so think fit, order such persons to be made parties." The rule does not enable such trustees to represent those interested in the real estate in all cases; but only in the same manner and to the same extent as executors or administrators represent those interested in suits respecting personal estate. Now it is true that executors and administrators generally, represent pecuniary legatees in suits by third persons, making demands on the personal estate. It is their duty to resist all unfounded claims, and they are clothed by the law with ample powers to do so. But it does not follow that there may not be cases where a question arises directly between a legatee and a third person, of such a nature that the court ought not to be satisfied to allow the executor or administrator to represent the legatee. The case of the Marquis of Hertford v. Countess de Zichi, 9 Beav. 11, was such a case. And in my opinion the case at bar is stronger than this one in the 9 Beav. Here the controversy is directly between the complainant and Maria L. De Valle, named in the will as the daughter of the testator, and her children. The sole object of the bill is the destruction of interests which the will attempts to confer on them. Their title is denied on the two grounds of their alienage and the illegitimacy of Maria L. De Valle. I entertain doubt whether these trustees can safely and properly be allowed to represent Mrs. De Valle and her children, for the purpose of litigating in their absence, the question of her legitimacy, or the status of herself and her children in respect to citizenship. It may be said that it will be the duty of the trustees to give Mrs. De Valle and her children notice of the suit, and obtain from them the information necessary to defend it, and that it must be presumed they will perform this duty. Be it so. But this does not meet the difficulty. Have not Mrs. De Valle and her children a right to the benefit of their answers, as evidence in the cause, respecting any facts within their personal knowledge? It is true neither of them can have personal knowledge of the marriage of the testator, if there was a marriage, and it preceded Mrs. De Valle's birth; but for aught I can know, she may have been made legitimate by a marriage with her mother after her birth, and within her personal knowledge; and however this may have been, it is not safe to assume that she has not personal knowledge of facts bearing directly on the question of her own legitimacy; and therefore, if this be a case within the 49th rule, as I am of opinion it is, it seems to me to be one where I am bound to exercise the discretion conferred by the last clause of the rule and make such order that Mrs. De Valle and her children shall, at least, have opportunity to become effectually parties to the suit, and to be heard therein, before I make any decree affecting their interests.

I am therefore of opinion that an order should be entered, that the cause stand over, with liberty to serve on Mrs. De Valle and her husband, if living, and on each of her children, a copy of the bill, to the end that they may appear and become parties, if they shall think fit. And let some day of appearance be named, which will allow reasonable opportunity to appear, after the service made. In respect to the person already served, who is said to be one of her children, if he be a minor, a proper petition should be presented to appoint a guardian ad litem.

[NOTE. For the dismissal of a bill, seeking the same relief, filed by complainant in the district of Rhode Island, see Case No. 3,430.]